Michael L. Smith (State Bar No. 160305)
  *michael.smith@manningkass.com*
Mark R. Wilson (State Bar No. 293474)
  *mark.wilson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
101 Montgomery Street, Suite 2550
San Francisco, California 94104
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant, AMERICAN ARBITRATION ASSOCIATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE WAGMAN-GELLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO & CO., AMERICAN ARBITRATION ASSOCIATION, INC., and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. 3:24-cv-06778-SK<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT AMERICAN ARBITRATION ASSOCIATION, INC. TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date:** March 24, 2025<br>**Time:** 9:30 a.m.<br>**Courtroom:** C<br><br>Action Filed: September 26, 2024<br>Trial Date: None Set |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT on March 24, 2025 at 9:30 a.m.** or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Sallie Kim, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant American Arbitration Association, Inc. ("AAA") will and hereby does move for an order dismissing this action as to AAA.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff's complaint fails to state claims upon which relief can be granted.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the

Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: February 13, 2025         Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Mark R. Wilson_____
    Michael L. Smith
    Mark R. Wilson
    Attorneys for Defendant, AMERICAN
    ARBITRATION ASSOCIATION, INC.

## INTRODUCTION

Plaintiff Marlene Wagman-Geller opened a bank account with Defendant Wells Fargo Bank, N.A. (Wells Fargo).[1] ECF No. 24 ¶ 58. She was opted into an overdraft program for her debit and ATM transactions. *Id*. She alleges she was assessed improper fees on one-time ATM and debit transactions, in violation of 12 CFR § 1005.1 (Regulation E). *Id*. ¶¶ 1-5, 58-68. As relevant to this motion, Plaintiff alleges that Wells Fargo and Defendant American Arbitration Association, Inc. (AAA) falsely stated that arbitration is faster and more cost-effective than going to court, and that AAA arbitrators are fair and neutral. *Id*. ¶¶ 48, 50, 51, 130-132. The only claims alleged against AAA are state-law claims for fraud in the inducement and violation of California's Unfair Competition Law (UCL). Plaintiff does not disagree that she entered into an arbitration agreement with Wells Fargo. Plaintiff does not allege that the arbitration agreement between herself and Wells Fargo is not binding or is unenforceable.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged in the complaint, accepted as true, must "plausibly establish[] each element" of the plaintiff's claims. *Native Village of Kivalina v. ExxonMobil Corp*., 696 F.3d 849, 867 (9th Cir. 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[1] The original plaintiff in this action, Joseph Bacigalupi, passed away in October 2024, after this action was filed. ECF No. 17 at 2. Pursuant to the parties' joint stipulation, on December 3, 2024, the Court vacated Defendants' deadline to respond to the complaint and gave Plaintiff's counsel until January 31, 2025 to file an amended complaint, notice of substitution, or otherwise inform the Court of the status of the case. ECF No. 18 at 6. Plaintiff's counsel filed the operative amended complaint on January 31, 2025, replacing Bacigalupi as the plaintiff. ECF No. 24.

*Id*. "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]', that the pleader is entitled to relief.' " *Id*. at 679. Furthermore, "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate to survive a motion to dismiss. *Id*. at 678; *see also Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").

## ARGUMENT

### I. Plaintiff's Claims Against AAA Are Barred by Arbitral Immunity

All of Plaintiff's claims against AAA are barred by absolute judicial immunity, which extends to arbitrations. "The doctrine of absolute judicial immunity … has been applied in [the State of California] for more than a century. It protects judges from civil lawsuits for acts performed as part of the judicial function. It is limited to acts normally performed by a judge, and does not include purely administrative or legislative acts. Immunity applies if the acts fall within the scope of the judicial function, even if the conduct complained of was malicious or corrupt. [¶] Common law judicial immunity has been extended to private and public arbitrators." *La Serena Properties, LLC v. Weisbach*, 186 Cal.App.4th 893, 900 (2010) (cleaned up); see also *Stasz v. Schwab*, 121 Cal.App.4th 420, 433 (2004) (holding that California courts "have extended arbitral immunity to organizations that sponsor arbitrations, like the AAA"). The doctrine of arbitral immunity has been consistently recognized as a bar to relief against arbitrators in federal courts, as well. *See Sacks v. Dietrich*, 663 F.3d 1065, 1069-1070 (9th Cir. 2011); *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007) ("Every other circuit that has considered the issue of arbitral immunity recognizes the doctrine"). "Arbitral immunity protects all acts within the scope of the arbitral process." *Olson v. Natl. Assn. of Securities Dealers*, 85 F.3d 381, 383 (8th Cir. 1996).

*La Serena* is on all fours here. In that case, the plaintiff filed a complaint against the arbitrator and AAA, alleging fraud, fraudulent concealment, false advertising, and negligence, on the basis that the arbitrator had an undisclosed romantic relationship with the sister of one of the parties' attorneys. *La Serena*, 186 Cal.App.4th at 897-900. The trial court sustained the defendants' demurrers, without leave to amend, on the basis of absolute arbitral immunity. *Id*. at 900. The

California Court of Appeal affirmed the judgment, holding that the arbitrator's failure to disclose a potential conflict of interest—which formed the basis of the plaintiff's case—was protected by arbitral immunity. In particular, the Court of Appeal noted, "any claimed misconduct by the arbitrator in association with the failure to make a required disclosure at the inception of his or her selection was sufficiently associated with the arbitration process itself to justify the application of arbitral immunity." *Id*. at 905. Likewise, the Court of Appeal rejected the plaintiff's contention that the arbitrator was allegedly involved in a conspiracy to commit fraud while soliciting arbitration business, and that this alleged fraud took the case out of the realm of arbitral immunity. *Id.* at 905-906. The Court of Appeal criticized the plaintiff's attempt "to avoid an immunity or privilege by creative pleading," noting that similar attempts by other plaintiffs "have been rejected uniformly by courts." *Id*. at 906.

Here, the allegations against AAA amount to even less than those in *La Serena*. Plaintiff's action is based solely on statements allegedly made by AAA in written materials, in which AAA is alleged to have stated that arbitration is faster and more cost-effective than going to court. ECF No. 24 ¶¶ 48-51. These allegations of purportedly false statements made in marketing materials, like those in *La Serena*, are an attempt to use "creative pleading" as an end-run around arbitral immunity. *La Serena*, 186 Cal.App.4th at 905-906.

Even if the statements AAA made in its written materials were, in fact, false (which they were not), they would be so only due to AAA's conduct during arbitrations, which is protected by arbitral immunity. *See Pfannenstiel*, 477 F.3d at 1159 (arbitral immunity applies where "the claim at issue arises out of a decisional act"). Additionally, Plaintiff's claim that AAA allegedly does not enforce its own rules during arbitrations necessarily relates to arbitrators' judicial functions, providing another ground for arbitral immunity. *See Olson*, 85 F.3d at 383 (holding that an arbitration organization is immune from civil liability for violating its own rules); Corey *v. New York Stock Exchange*, 691 F.2d 1205, 1211 (6th Cir. 1982) ("As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants"); *Cort v. American Arbitration Assn.*, 795 F.Supp. 970, 973 (N.D. Cal. 1992) (holding that arbitral immunity applied

because "[t]he acts complained of by plaintiff clearly fall into the category of acts performed during the course of resolving a dispute between the parties").

Plaintiff's claim for a violation of the UCL fares no better when it comes to arbitral immunity. The UCL, codified at California Business & Professions Code section 17200, et seq., "broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. The UCL governs anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition." *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638, 643-644 (2008) (cleaned up).

Plaintiff contends AAA violated the UCL's "unfairness" prong "by mandating an arbitration process that is not fair, cost-effective, streamlined, or neutral." ECF No. 24 ¶ 154. This is simply a restatement of her fraudulent inducement claim. On its face, therefore, this claim is barred because Plaintiff is alleging the arbitration *process* is unfair or inefficient, which necessarily implicates a decisional act. *Corey*, 691 F.2d at 1211; *Cort*, 795 F.Supp. at 973; *La Serena*, 186 Cal.App.4th at 905. A plaintiff may not " 'plead around' an 'absolute bar for relief' simply 'by recasting the cause of action as one for unfair competition.' " *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 182 (1999). Plaintiff's complaint does just that by attempting to recast a challenge to the arbitration procedure as one for unfair competition. As a result, arbitral immunity applies to her UCL claim.

Additionally, Plaintiff has forfeited any civil suit against AAA for conduct occurring during any arbitration. Plaintiff's agreement with Wells Fargo incorporates AAA's Consumer Arbitration Rules ("AAA Rules").[2] R-1(a) of the AAA Rules provides, "The parties shall have made these *Consumer Arbitration Rules* ('Rules') a part of their arbitration agreement whenever they have provided for arbitration by the [AAA] …." ECF No. 24-4 at 10. Thus, Plaintiff has agreed in her arbitration agreement with Wells Fargo to be bound by AAA Rules. R-49(b) of the AAA Rules provides, "Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in judicial proceedings relating to the arbitration." ECF No. 24-4 at 31. R-48(d) further

---

[2] The AAA Rules are attached to Plaintiff's complaint as Exhibit D. ECF No. 24-4.

provides, "Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules." *Id*.

Courts routinely enforce the AAA Rules barring lawsuits against AAA and arbitrators. *See*, *e.g.*, *Imbruce v. American Arbitration Assn.*, 15 Civ. 7508 (NRB), 2016 WL 5339551 at *3 (S.D.N.Y. Sept. 22, 2016) ("AAA Rule R-52(d) provides that '[p]arties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules' … Where parties have agreed to be bound by the rules of an arbitral organization, courts have enforced similar rules to bar claims against arbitrators and sponsoring organizations"); *Landmark Ventures, Inc. v. Cohen*, 13 Civ. 9044 (JGK), 2014 WL 6784397 at *3 (S.D.N.Y. Nov. 26, 2014) ("Because the alleged conduct falls directly within Article 40 of the ICC Rules, the parties agreed that the Arbitrator and the ICC would be immune from suit and this contractual provision is binding"). In the instant case, the Court should enforce the AAA Rules, to which Plaintiff has agreed, and which Plaintiff does not dispute, and grant AAA's motion to dismiss, as Plaintiff has agreed that neither AAA nor its arbitrators shall be liable in connection with any arbitration.[3]

Arbitral immunity bars all of Plaintiff's claims against AAA, and as a result, the instant motion should be granted and this action dismissed as to AAA.

## II. Plaintiff Fails to State a Claim for Fraudulent Inducement

Even if Plaintiff's action against AAA were not barred by arbitral immunity (which it is), Plaintiff has failed to state facts sufficient to constitute a cause of action for fraud in the inducement. This claim is based on allegations that Wells Fargo and AAA "disseminated false and misleading information pertaining to the arbitration process with AAA." ECF No. 24 ¶ 127. Specifically, Plaintiff alleges that AAA "misleadingly" told consumers it provides fair and cost-effective dispute

---

[3] The procedure for challenging an arbitration agreement is either before it occurs, through a motion challenging the agreement under state contract grounds (*see* 9 USC § 2), or by moving to vacate or modify the award after the arbitration occurs (*see* 9 USC §§ 10-12).

resolution (*id*. ¶ 130), that arbitration is "usually" faster and cheaper than going to court (*id*. ¶ 131), and that AAA is an independent, not-for-profit organization (*id*. ¶ 132). The crux of this claim against AAA is that arbitration is not as efficient or cost-effective as AAA allegedly said it was. *Id.* ¶ 133.

"The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. Fraud in the inducement is a subset of the tort of fraud. It occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable." *Hinesley v. Oakshade Town Center*, 135 Cal.App.4th 289, 294-295 (2005) (cleaned up).

Plaintiff fails to allege several elements of fraudulent inducement. She does not plausibly allege justifiable reliance; i.e., that she entered into an agreement with Wells Fargo for banking services based on claimed representations made by AAA regarding its arbitration services. Nor does she plausibly allege AAA, in making such representations, intended for Plaintiff to rely on them when Plaintiff entered into an agreement with Wells Fargo for banking services. Although Plaintiff refers to AAA marketing materials containing such statements, at no time does she allege she reviewed those materials or became aware of those statements prior to opening an account with Wells Fargo. In other words, Plaintiff does not allege that, after having reviewed AAA's marketing materials which include the subject statements, she opened an account with Wells Fargo based on an expectation that any arbitration between herself and Wells Fargo would be cheaper or faster than going to court.

Finally, Plaintiff fails to allege an actionable misrepresentation. The statements identified by Plaintiff—for example, that arbitration is "usually" cheaper and faster than going to court—are unquestionably statements of opinion, which are not actionable representations of fact under California law. *Graham v. Bank of America, N.A.*, 226 Cal.App.4th 594, 606-607 (2014). "A representation is one of opinion 'if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment.' " 5 Witkin, Summary of Cal. Law, Torts, § 892 (11th ed. 2024). Whether AAA's

services are, in fact, faster or cheaper than going to court, and whether its services are "cost-effective" relate to the quality or value of the arbitration process, and consequently are nonactionable statements of opinion.

### III.     Leave to Amend Should Be Denied

If a court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss the complaint with or without prejudice. *See*, *e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1126-1131 (9th Cir. 2000). If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Thus, if after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend. See *Chaset v. Fleer/Skybox Intl.*, 300 F.3d 1083, 1087-1088 (9th Cir. 2002). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002).

Here, amendment would be futile. Arbitral immunity is an absolute bar to Plaintiff's claims, which are ultimately related to allegations that *the arbitration process itself* is unfair, or too slow, or not cost-effective. Because the complaint cannot be saved by amendment in light of the absolute bar afforded by arbitral immunity, leave to amend should be denied. *See McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc*., 339 F.3d 1087, 1090 (9th Cir. 2003) (dismissal without leave to amend is proper where "it is clear ... that the complaint could not be saved by any amendment"); *Cancer Center Associates for Research and Excellence, Inc. v. Philadelphia Ins. Cos.*, 2015 WL 2235347 (E.D. Cal. May 12, 2015, No. 1:15-CV-00084) at *3 (denying leave to amend to add claims against AAA, on the basis that arbitral immunity would render any amendment futile).

### CONCLUSION

For the foregoing reasons, AAA respectfully requests that the Court grant its motion, without leave to amend, and dismiss this action as to AAA, with prejudice.

DATED: February 13, 2025

Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Mark R. Wilson_____
  Michael L. Smith
  Mark R. Wilson
  Attorneys for Defendant, AMERICAN ARBITRATION ASSOCIATION, INC.